1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JEROME MARKAY,

11            Plaintiff,                    No. CIV S-07-1809 FCD GGH P

12        vs.

13   DR. ABDUR-RAHMAN, et al.,

14            Defendants.                   <u>ORDER</u>

15   _____/

16            Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma

18   pauperis.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20            Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22            Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently

24   without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C.

25   § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding

26   month's income credited to plaintiff's prison trust account.  These payments shall be collected

1

1  and forwarded by the appropriate agency to the Clerk of the Court each time the amount in

2  plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3        The court is required to screen complaints brought by prisoners seeking relief

4  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

5  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

6  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

7  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

8  U.S.C. § 1915A(b)(1),(2).

9        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

11  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

12  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15  Cir. 1989); Franklin, 745 F.2d at 1227.

16        A complaint, or portion thereof, should only be dismissed for failure to state a

17  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

18  of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King &

19  Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also

20  Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing

21  a complaint under this standard, the court must accept as true the allegations of the complaint in

22  question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

23  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

24  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

25        Named as defendants are Dr. Abdur-Rahman, Dr. Hansen, Dr. Leo and

26  Physician's Assistant David.  Plaintiff alleges that he received inadequate medical and dental

2

1    care.   He seeks injunctive and monetary relief.

2    <u>Legal Standard for Eighth Amendment Claim</u>

3              In order to state a § 1983 claim for violation of the Eighth Amendment based on

4    inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence

5    deliberate indifference to serious medical needs."  <u>Estelle v. Gamble</u>, 429 U.S. 97, 106, 97 S. Ct.

6    285, 292 (1976).  To prevail, plaintiff must show both that his medical needs were objectively

7    serious, and that defendants possessed a sufficiently culpable state of mind.  <u>Wilson v. Seiter</u>,

8    501 U.S. 294, 299, 111 S. Ct. 2321, 2324 (1991); <u>McKinney v. Anderson</u>, 959 F.2d 853 (9th Cir.

9    1992) (on remand).  The requisite state of mind for a medical claim is "deliberate indifference."

10   <u>Hudson v. McMillian</u>, 503 U.S. 1, 4, 112 S. Ct. 995, 998 (1992).

11             A serious medical need exists if the failure to treat a prisoner's condition could

12   result in further significant injury or the unnecessary and wanton infliction of pain.  Indications

13   that a prisoner has a serious need for medical treatment are the following:  the existence of an

14   injury that a reasonable doctor or patient would find important and worthy of comment or

15   treatment; the presence of a medical condition that significantly affects an individual's daily

16   activities; or the existence of chronic and substantial pain.  <u>See</u>, <u>e.g.</u>, <u>Wood v. Housewright</u>, 900

17   F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); <u>Hunt v. Dental Dept</u>., 865 F.2d 198, 200-01

18   (9th Cir. 1989).  <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059-60 (9th Cir. 1992), <u>overruled</u> <u>on</u> <u>other</u>

19   <u>grounds</u>, <u>WMX Technologies v. Miller</u>, 104 F.3d 1133 (9th Cir. 1997) (en banc).

20             In <u>Farmer v. Brennan</u>, 511 U.S. 825, 114 S. Ct. 1970 (1994) the Supreme Court

21   defined a very strict standard which a plaintiff must meet in order to establish "deliberate

22   indifference."  Of course, negligence is insufficient.  <u>Farmer</u>, 511 U.S. at 835, 114 S. Ct. at 1978.

23   However, even civil recklessness (failure to act in the face of an unjustifiably high risk of harm

24   which is so obvious that it should be known) is insufficient.  <u>Id.</u> at 836-37, 114 S. Ct. at 1979.

25   Neither is it sufficient that a reasonable person would have known of the risk or that a defendant

26   should have known of the risk.  <u>Id.</u> at 842, 114 S. Ct. at 1981.

1    It is nothing less than recklessness in the criminal sense – subjective standard –

2    disregard of a risk of harm of which the actor is actually aware.  Id. at 838-842, 114 S. Ct. at

3    1979-1981.  "[T]he official must both be aware of facts from which the inference could be drawn

4    that a substantial risk of serious harm exists, and he must also draw the inference."  Id. at 837,

5    114 S. Ct. at 1979.  Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk

6    of serious harm and disregards that risk by failing to take reasonable measures to abate it."  Id. at

7    847, 114 S. Ct. at 1984.  "[I]t is enough that the official acted or failed to act despite his

8    knowledge of a substantial risk of serious harm."  Id. at 842, 114 S. Ct. at 1981.  If the risk was

9    obvious, the trier of fact may infer that a defendant knew of the risk.  Id. at 840-42, 114 S. Ct. at

10   1981.  However, obviousness per se will not impart knowledge as a matter of law.

11   Also significant to the analysis is the well established principle that mere

12   differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth

13   Amendment violation.  Jackson v. McIntosh, 90 F.3d 330 (9th Cir. 1996); Franklin v. Oregon,

14   662 F.2d 1337, 1344 (9th Cir. 1981).

15   Moreover, a physician need not fail to treat an inmate altogether in order to violate

16   that inmate's Eighth Amendment rights.  Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir.

17   1989).  A failure to competently treat a serious medical condition, even if some treatment is

18   prescribed, may constitute deliberate indifference in a particular case.  Id.

19   Additionally, mere delay in medical treatment without more is insufficient to state

20   a claim of deliberate medical indifference.  Shapley v. Nevada Bd. of State Prison Com'rs, 766

21   F.2d 404, 408 (9th Cir. 1985).  Although the delay in medical treatment must be harmful, there is

22   no requirement that the delay cause "substantial" harm.  McGuckin, 974 F.2d at 1060, citing

23   Wood v. Housewright, 900 F.2d 1332, 1339-1340 (9th Cir. 1990) and Hudson, 112 S. Ct. at 998-

24   1000.  A finding that an inmate was seriously harmed by the defendant's action or inaction tends

25   to provide additional support for a claim of deliberate indifference; however, it does not end the

26   inquiry.  McGuckin, 974 F.2d 1050, 1060 (9th Cir. 1992).  In summary, "the more serious the

1   medical needs of the prisoner, and the more unwarranted the defendant's actions in light of those

2   needs, the more likely it is that a plaintiff has established deliberate indifference on the part of

3   the defendant." <u>McGuckin</u>, 974 F.2d at 1061.

4   <u>Discussion</u>

5          In particular, plaintiff alleges that in November 2006 several of his top teeth were

6   removed.  Plaintiff was prescribed a supplemental protein drink until his upper partial was made

7   because he could not chew food properly.  On March 19, 2007, plaintiff was transferred to High

8   Desert State Prison with medical instructions that he continue to receive the supplemental protein

9   drink because he still did not have his upper partial.  Plaintiff did not receive the drink upon his

10  arrival and was told to fill out a form if he wanted dental services.

11         On April 10, 2007, the drink was re-prescribed but only for ten days.  It was also

12  determined that all but four of plaintiff's bottom teeth had to be removed.  On May 1, 2007,

13  plaintiff had seven of his bottom teeth and one of his top teeth removed.  Later that day, the

14  stitches burst loose after plaintiff was slammed into his cell door.  On May 3, 2007, defendant

15  Hansen, a dentist, examined plaintiff.  Defendant Hansen falsely stated that plaintiff's stitches

16  were in place.  Dr. Hansen prescribed the supplemental protein drink for seven days on grounds

17  that plaintiff's gums would be hard enough to eat food by that time.  Plaintiff alleges that it has

18  been almost ninety days and his gums have not healed.  Plaintiff alleges that he was supposed to

19  receive a check- up in thirty days but has yet to be seen.  These allegations state a colorable claim

20  for relief against defendant Hansen.

21         Plaintiff alleges that when he arrived at High Desert State Prison, he had a cane

22  due to limited mobility in his right knee.  Plaintiff alleges that on May 2, 2007, defendant David

23  took the cane as well as plaintiff's thermal underwear, that had also been previously approved,

24  until a review of plaintiff's disability could be completed.  Plaintiff alleges that defendant David

25  took the cane at the request of other prison officials who misled her into thinking that plaintiff

26  had used the cane to assault staff.  Plaintiff alleges that defendant Abdur-Rahman had previously

5

approved plaintiff's chrono to have the cane and thermals, although he did not examine plaintiff.

That defendant David took the cane based on false information from other prison officials that plaintiff had used the cane to assault staff does not suggest that she acted with deliberate indifference.   Accordingly, this claim is dismissed with leave to amend.  The claim that defendant Abdur-Rahman issued the chrono for plaintiff to have the cane and the thermals without examining plaintiff also does not state a colorable Eighth Amendment claim.  These allegations suggest that defendant Abdur-Rahman provided plaintiff with the medical care he sought, rather than deprived him of it.

Plaintiff alleges that prior to his transfer to High Desert State Prison, it was ordered that he be seen by a G.I. specialist.  Plaintiff alleges that upon his arrival at High Desert State Prison, defendant Abdur-Rahman took plaintiff off the G.I. reference list.  These allegations state a colorable claim for relief against defendant Abdur-Rahman.

The complaint contains no specific claims against defendant Leo.  The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named

1    defendant holds a supervisorial position, the causal link between him and the claimed

2    constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

3    (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

4    941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

5    in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

6    Cir. 1982).

7           Because plaintiff has failed to link defendant Leo to any alleged deprivation, the

8    claims against this defendant are dismissed with leave to amend.

9           If plaintiff chooses to file an amended complaint, he is informed that the court

10   cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local

11   Rule 15-220 requires that an amended complaint be complete in itself without reference to any

12   prior pleading.  This is because, as a general rule, an amended complaint supersedes the original

13   complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended

14   complaint, the original pleading no longer serves any function in the case.  Therefore, in an

15   amended complaint, as in an original complaint, each claim and the involvement of each

16   defendant must be sufficiently alleged.

17          Accordingly, IT IS HEREBY ORDERED that:

18          1.  Plaintiff's request to proceed in forma pauperis is granted;

19          2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

20   The fee shall be collected and paid in accordance with this court's order to the Director of the

21   California Department of Corrections and Rehabilitation filed concurrently herewith.

22          3.  All of plaintiff's claims but for the claim that defendant Hansen provided

23   inadequate dental care and defendant Abdur-Rahman removed plaintiff from the G.I. reference

24   list are dismissed for the reasons discussed above, with leave to file an amended complaint

25   within thirty days from the date of service of this Order.  Failure to file an amended complaint

26   will result in a recommendation that these defendants be dismissed from this action.

1          4.  Upon filing an amended complaint or expiration of the time allowed therefor,

2    the court will make further orders for service of process upon some or all of the defendants.

3    DATED:  10/2/07

4                                                          /s/ Gregory G. Hollows
     _____
5                                                          UNITED STATES MAGISTRATE JUDGE

6    mark1809.b

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26