IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEROME MARKAY,

    Plaintiff,                    No. CIV S-07-1809 FCD GGH P

    vs.

DR. ABDUR-RAHMAN, et al.,

    Defendants.                FINDINGS & RECOMMENDATIONS

_____/

       Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' May 12, 2008, motion to dismiss for failure to exhaust administrative remedies. After carefully considering the record, the court recommends that defendants' motion be granted.

<u>Background</u>

       This action is proceeding on the amended complaint filed December 12, 2007, as to defendants Abdur-Rahman, David and Hansen.

       Plaintiff alleges that on November 16, 2006, dental staff at California State Prison-Corcoran (Corcoran) began removing all of plaintiff's upper teeth. Plaintiff was given a supplemental drink, apparently because he could not chew.

/////

1

1    On March 19, 2007, plaintiff was transferred to High Desert State Prison (HDSP)
2    with instructions for prison officials there to continue giving plaintiff the supplemental drink.
3    However, this instruction was not followed.
4    On April 10, 2007, plaintiff saw the dentist for an evaluation. The dentist
5    determined that some of plaintiff's bottom teeth would have to be removed. The dentist
6    prescribed the supplemental drink for ten days. On May 1, 2007, it was determined that all but
7    four of plaintiff's lower teeth would have to be removed. Apparently the bottom teeth were
8    removed on this date.
9    On May 1, 2007, plaintiff slammed into his celldoor. All but one of his stitches
10   were broken open. On May 3, 2007, defendant Dr. Hansen, the prison dentist, wrote a false
11   report stating that the stitches were intact.
12   Due to a knee injury, plaintiff was issued a knee brace and cane in 1994. On May
13   2, 2007, defendant David discontinued plaintiff's cane authorization without review of his
14   medical chart or examining him in person. The cane was taken away after custody staff told
15   defendant David that plaintiff had assaulted a female officer with the cane. Plaintiff claims he
16   assaulted no one.
17   Due to low blood pressure and anemia, plaintiff took three blood thinning drugs.
18   Plaintiff also had been prescribed thermal underwear. Defendants David and Abdur-Rahman
19   took away plaintiff's thermal underwear.
20   Plaintiff alleges that before his transfer to HDSP, prison officials at Corcoran had
21   approved him to be seen by a gastrointestinal specialist. When he arrived at HDSP, defendant
22   Abdur-Rahman, without examining him, removed plaintiff from the list to see the specialist even
23   though plaintiff had been complaining of stomach pain since his arrival. On August 29, 2007,
24   plaintiff was rushed to the public hospital in Reno, Nevada, where he had emergency colon
25   surgery. Plaintiff also suffered a heart attack and was in the hospital for three weeks.
26   /////

Discussion

42 U.S.C. § 1997e(a) provides that, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." In order for California prisoners to exhaust administrative remedies, they must proceed through several levels of administrative appeal: 1) informal resolution, 2) formal written appeal on a CDC 602 inmate appeal form, 3) second level appeal to the institution head or designee, and 4) third level appeal to the Director of the California Department of Corrections. Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5). A final decision from the Director's level of review satisfies the exhaustion requirement. Id. at 1237-38.

However, if the subject of the prisoner's complaint is a "staff complaint," such does not proceed through the ususal grievance procedures. The remedy for such a complaint is that CDCR initiate an investigation. An inmate can receive no other relief at that time regarding the staff complaint. Brown v. Valoff, 422 F.3d 926, 937-938 (9th Cir. 2005) (not cited in defendants' motion). If relief other than is available for a staff complaint is sought, e.g., be housed in protective custody, be single celled etc., then the regular three level appeal process must be exhausted as for that relief. Id at 938. If on a staff complaint, a request is granted or partially granted, i.e., an investigation is ordered, the inmate has exhausted all available remedies for the staff complaint. Id. at 937-938.

In Booth v. Churner, 121 S. Ct. 1819 (2001) the Supreme Court held that inmates must exhaust administrative remedies, regardless of the relief offered through administrative procedures. 121 S. Ct. at 1825. Therefore, inmates seeking money damages must completely exhaust their administrative remedies. 42 U.S.C. § 1997e(a) provides that no action shall be brought with respect to prison conditions *until* such administrative remedies as are available are exhausted. McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).

1    In the motion to dismiss, defendants argue that plaintiff failed to exhaust all of his
2 claims. While plaintiff filed an administrative appeal regarding his failure to receive a
3 supplemental drink, he did not appeal this beyond the first level response. See Motion to
4 Dismiss, declaration of S. Chapman. Plaintiff filed no other grievances at HDSP regarding the
5 claims raised in this action. See Motion to Dismiss, declaration of S. Chapman, N. Grannis.
6    In his opposition filed July 14, 2008, plaintiff contends that he did exhaust
7 administrative remedies. Plaintiff refers to his declaration and exhibits attached to the
8 opposition.
9    Attached as exhibit A to the opposition is a copy of an administrative appeal filed
10 by plaintiff while he was housed at Corcoran, appeal no. 07-240. This appeal requested that
11 plaintiff see a dentist to get his partials. On March 13, 2007, this appeal was partially granted at
12 the second level of review by prison officials at Corcoran. Opposition, Exhibit A. In his
13 declaration submitted in support of his opposition, plaintiff states that he grieved 07-240 to the
14 Third Level of review but did not receive a response. Declaration, p. 1:26-27.
15    The instant action does not raise a claim alleging that plaintiff did not receive his
16 partials. In addition, this appeal concerned dental care plaintiff received at Corcoran. This
17 appeal did not concern dental or medical care provided by the defendants located at HDSP.
18 Accordingly, the court finds that appeal no. 07-240 did not exhaust any of the claims raised in the
19 instant action.
20    Also attached as exhibit A is a "Reasonable Modification or Accommodation
21 Request" form filed by plaintiff on November 12, 2006, while he was housed at Corcoran. This
22 form requested that plaintiff be provided with mouthwash and a supplemental drink. The Ninth
23 Circuit has ruled that a "Reasonable Modification or Accommodation Request" form is in
24 compliance with the Prison Litigation Reform Act (PLRA) for purposes of the exhaustion
25 requirement. Butler v. Adams, 397 F.3d 1181 (9th Cir. 2005). However, the Reasonable
26 Modification and Accommodation Request form filed by plaintiff on November 12, 2006,

concerned conditions at Corcoran and not HDSP. Accordingly, this form did not exhaust any of the claims raised in the instant action.

Attached as exhibit B to plaintiff's opposition is the informal level administrative appeal filed by plaintiff on March 28, 2007, following his transfer to HDSP in which he requests that a doctor review his file, that he be provided with a partial and receive a supplemental drink. The informal response dated April 11, 2007, states that "Ensure had been ordered by the dentist. Resolved."

In his declaration submitted in support of his opposition, plaintiff states that "for this [April 11, 2007] granted appeal, the plaintiff had to file a third appeal that was not returned for his appeal conformation." Declaration, p. 2: 3-6. It appears that plaintiff is claiming that he appealed to the next level of review but received no response. The section of the appeal form for plaintiff to complete in order to appeal to the next level of review is blank. See Plaintiff's Opposition, Exhibit B. If plaintiff had appealed to the next level of review, then this section of the form would have been completed. In addition, plaintiff provides no other information regarding his alleged attempt to grieve this appeal to the next level of review. His conclusory claim that he received no response is not sufficient to demonstrate exhaustion. Accordingly, the court finds that this appeal did not exhaust administrative remedies as to any claim raised in this action.

Attached as exhibit C is a copy of another Reasonable Modification Request Form signed by plaintiff on March 25, 2007, following his transfer to HDSP requesting that he receive his supplemental drink. The section of the form for prison officials to respond is blank. Instead, the words "see attached" are stamped, and handwritten across this section are the words "see attached 602." Also handwritten at the top of this form is the following: "3/28/07 Screen Out Not ADA Issue Medical." Also attached as exhibit C is a first level appeal response dated May 7, 2007, to a grievance filed by plaintiff requesting his supplemental drink, appeal no. 07-1278. In his declaration submitted in support of his opposition, plaintiff confirms that the March 25,

2007, Reasonable Modification Request was treated as an administrative grievance. Declaration, p. 2: 7-9. Plaintiff contends that his appeal was not timely responded to.

First level appeal responses are due within thirty working days of when the appeal is submitted. Cal. Code Regs. tit. 15, § 3084.6(b)(2). May 7, 2007, is within thirty working days of March 28, 2007, which is the date prison officials determined that plaintiff's grievance was a regular administrative appeal rather than "Reasonable Modification" request. While the failure to timely respond to an appeal may excuse further exhaustion, prison officials timely responded to appeal no. 07-1278. Moreover, to the extent plaintiff is claiming that he grieved this First Level Response to the next higher level, the section of the appeal form for appealing to the next level if blank. For these reasons, the court finds that appeal no. 07-1278 did not exhaust any of the claims raised in this action.

Exhibit D includes copies of two Reasonable Modification Forms signed by plaintiff on October 16, 2006, and December 27, 2006. Both of these forms were responded to by prison officials at Corcoran. These forms request a walking cane and thermal underwear. Because these forms did not concern any of the claims raised in the instant action regarding conditions at HDSP, they did not exhaust administrative remedies insofar as this action is concerned.

The remaining exhibits attached to the opposition are plaintiff's medical records.

In his declaration submitted in support of his opposition, plaintiff claims that after he arrived at HDSP, he filed administrative appeals requesting a cane and thermal underwear but that prison officials did not respond to these appeals. Opposition, plaintiff's declaration, p. 2: 20-23. Plaintiff offers no other information in support of this claim, such as to whom he submitted the request, whether he pursued the alleged failure to respond to the grievance, etc. Plaintiff also provides no documentation in support of this claim. The court does not find that plaintiff's conclusory and unsupported assertion that prison officials failed to respond to his grievance demonstrates exhaustion.

Because plaintiff failed to exhaust administrative remedies as to all of the claims raised in this action, defendants' motion to dismiss should be granted.

Accordingly, IT IS HEREBY RECOMMENDED that defendants' May 12, 2008, motion to dismiss (# 16) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:   09/03/08

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

mark1809.mtd